UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL EUGENE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5311** |
| **INTERNATIONAL-MATEX TANK TERMINALS LLC** | **SECTION: "B"(1)** |

## ORDER AND REASONS

Before the Court are defendant International-Matex Tank Terminals LLC's motion to dismiss (Rec. Doc. 10), plaintiff Paul Eugene's opposition (Rec. Doc. 15), and defendant's reply memorandum (Rec. Doc. 20). For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) is **GRANTED in part, to enter dismissal without prejudice** under Federal Rule of Civil Procedure 4(m).

**FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of Louisiana. *See* Rec. Doc. 2 at 2. Defendant International-Matex Tank Terminals LLC ("IMTT") is a Delaware corporation with a principal place of business in New Orleans, Louisiana. *See id*. IMTT previously employed plaintiff at its St. Rose terminal. *See* Rec. Doc. 10-1 at 1.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disability Act, and other state laws. *See* Rec. Doc. 2. Plaintiff alleges that his

termination from IMTT was illegal and he suffered resulting damages including loss of income, financial and emotional distress, and suffering and loss of enjoyment of life. *See id*. at 3. Plaintiff seeks, *inter alia*, compensatory, real, and punitive damages. *See id*. at 4. Plaintiff also prays that his employment with IMTT be reinstated. *See id*.

Plaintiff filed this action on May 24, 2018. *See* Rec. Doc. 10-1 at 3. Therefore, he was obligated to serve IMTT no later than August 22, 2018. *See id*. Plaintiff served IMTT thirteen days after that deadline, September 4, 2018. *See id*. at 4.

On October 16, 2018, IMTT filed a motion to dismiss for insufficient service or, in the alternative, failure to state a claim. *See* Rec. Doc. 10. On November 13, 2018, plaintiff filed a response in opposition. *See* Rec. Doc. 15. On November 27, 2018, IMTT filed a reply memorandum. *See* Rec. Doc. 20.

**PARTIES' CONTENTIONS[1]**

**A. Defendant's Contentions**

IMTT seeks dismissal pursuant to Rule 12(b)(5) because plaintiff failed to serve IMTT within 90 days after the filing of his petition as required under FRCP 4. S*ee id*. at 1. Plaintiff

---

[1] See also the parties' contentions concerning IMTT's request for an order dismissing plaintiff's claims pursuant to FRCP 12(b)(6). *See* Rec. Doc. 10-1 at 6-16; Rec. Doc. 15 at 3-7; Rec. Doc. 20 at 4-7 (the parties' contentions regarding 12(b)(6) dismissal).

filed his petition through counsel on May 24, 2018. *See* Rec. Doc. 10-1 at 3. Therefore, he was obligated to serve IMTT no later than August 22, 2018. *See id*. Plaintiff served IMTT thirteen days after the deadline, September 4, 2018. *See id*. at 4. Without a good-cause explanation, the only conclusion is that plaintiff failed to timely serve IMTT and his lawsuit should be dismissed with prejudice. *See id*. "A dismissal without prejudice would be futile in this case because [p]laintiff's deadline to file suit on his claims [has] passed." *Id*. When plaintiff failed to effectuate timely service, his claims expired as if they were never filed. *See id*. at 5. IMTT believed that it would no longer face this lawsuit after it succeeded before the EEOC and non-suit by plaintiff. *See id*. Plaintiff has exhibited a clear record of delay such that his claims must be dismissed with prejudice. *See id*.

In its reply, IMTT continues to urge that plaintiff's petition should be dismissed. *See* Rec. Doc. 20 at 2. Plaintiff's *in forma pauperis* status does not provide good cause to excuse his failure. *See id*. Plaintiff was not required to hire a private process server at $250.00 per hour. *See id*. Pursuant to the FRCP, plaintiff not only had the ability, but also the right, for the U.S. Marshal to effect service of this lawsuit on his behalf. *See id*. at 2-3. Plaintiff apparently never requested service by the U.S. Marshal. *See id*. at 3. The Fifth Circuit has affirmed dismissal of a lawsuit when an *in forma pauperis* plaintiff failed to timely request

service by the U.S. Marshal. *See id*. Furthermore, in the Fifth Circuit, a suit dismissed for failure to serve is treated as abandonment under state law. *See id*. Therefore, even if this case is dismissed without prejudice, the dismissal would operate as a dismissal with prejudice because the prescriptive period has not been interrupted considering plaintiff's failure to timely serve IMTT. *See id*. at 3-4.

**B. Plaintiff's Contentions**

Plaintiff concedes that he perfected service of process on IMTT 13 days late; however, he contends that dismissal based on insufficient service of process is not appropriate considering the totality of the circumstances here. *See* Rec. Doc. 15 at 2. At all relevant times here, plaintiff was proceeding *in forma pauperis* and reportedly operating in good faith, in an effort to serve IMTT in Baton Rouge, Louisiana, through personal service. He attributes late service to his financial inability to hire a process server at $250.00 an hour. *See id*.

He further argues that dismissal without prejudice would not be futile as the filing of the first complaint interrupted prescription and plaintiff would have additional time to re-file the complaint. *See id*. Plaintiff received his right to sue letter from the EEOC on February 25, 2018, making his complaint filing deadline May 26, 2018. *See id*. He posits that since the instant complaint was filed on May 24, 2018, this would allow an additional

4

two days to re-file his complaint if it were dismissed without prejudice. *See id*. He proposes that in the interest of judicial efficiency and equity, the instant complaint should not be dismissed and even if it were, the dismissal should be without prejudice. *See id*. at 3.

**LAW AND FINDINGS**

Federal Rule of Civil Procedure 12(b)(5) allows a party to move to dismiss a case for insufficient service of process. "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Id.*

Federal Rule of Civil Procedure 4 establishes the requirements for summons and service of process and section (h) provides that an unincorporated association must be served in one of two ways. First, it may be served in the manner prescribed for serving an individual under Rule 4(e)(1), which provides for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . .." FED. R. CIV. P. 4(h)(1)(A); 4(e)(1). Accordingly, under Louisiana law, a limited liability company must generally be served by personal service on any one of its agents for service of process. LA. CODE

Civ. Proc. art. 1266(A). Second, Rule 4(h) provides that an unincorporated association may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . .." Fed. R. Civ. P. 4(h)(1)(B). It appears to be uncontroverted that plaintiff eventually served IMTT correctly by way of personal service.

Federal Rule of Civil Procedure 4(m) establishes the time limit for service, stating that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Federal Rule of Civil Procedure 4(m) also states that if a plaintiff shows good cause for the failure, the court must dismiss the action without prejudice or direct service be made within a specified time. It is undisputed here that plaintiff failed to serve IMTT within 90 days after his complaint was filed. Both parties agree that plaintiff served IMTT thirteen days late. *See* Rec. Doc. 10-1 at 3; *see also* Rec. Doc. 15 at 2.

The issue here concerns whether plaintiff has shown good cause for his failure. *See Teveras v. Clark*, Civil Action No. 17-12747, 2018 U.S. Dist. LEXIS 117890, at *3 (E.D. La. July 16, 2018) (stating that a court must first determine whether good cause exist and the party responsible for serving process has the burden to

show that good cause existed for its failure to server process properly). If good cause does exist, the Court must extend the time requirement for service of process. If good cause does not exist, the Court may, in its discretion, decide whether to extend time for service or dismiss the case without prejudice. *See id*.

Plaintiff has not shown good cause for his failure to timely serve IMTT. Pursuant to Federal Rule of Civil Procedure 4(c)(3), at the request of an *in forma pauperis* plaintiff, a court may direct that service be made by a United States Marshal or other person or officer specially appointed by the Court for that purpose. *See Wade v. Powell*, Civil Action No. 02-2590, 2003 U.S. Dist. LEXIS 17951, at *3 (E.D. La. Oct. 7, 2003); *see also* 28 U.S.C. § 1915. The Fifth Circuit has held that a plaintiff proceeding *in forma pauperis* is entitled to rely upon service by a Marshal and should not be penalized for failure of a Marshal to properly effect service, where such failure is due to no fault of the plaintiff. *See Wade*, 2003 U.S. Dist. LEXIS 17951, at *3. However, the plaintiff must request that service be made upon the appropriate defendant and attempt to remedy any apparent service defects that arise and are known to plaintiff. *See id*. at *4; *see also Nagy v. Dwyer*, 507 F.3d 161, 164 (2nd Cir. 2007) (stating that an entitlement to service by the Marshal does not mean automatic service by the Marshal). To show good cause for not effecting timely service, an *in forma pauperis* plaintiff must show

7

excusable neglect at minimum. *See id*. at \*5. Showing simple inadvertence, mistake of counsel, or ignorance of relevant rules does not establish good cause for not effecting timely service. *See id.; Kersh v. Derozier*, 851 F.2d at 1512.

There is nothing in the record showing that plaintiff requested service upon IMTT by the U.S. Marshals of this District or any other district. Plaintiff does not allege that he requested service by the U.S. Marshals Service. Instead, plaintiff argues that, even though he was entitled to service by the Marshals, at no cost to him, his finances prevented him from timely serving IMTT. That argument misses the point and is unconvincing. *See also Smith v. Pennsylvania Glass Sand Corp.*, 123 F.R.D. 648, 650 (N.D. Fla. Feb. 24, 1988) (finding that a financial complication did not establish good cause). Plaintiff served IMTT on September 4, 2018; however, that was 13 days after the 90-day deadline and plaintiff offers no other excusable reason for failing to request free assistance from the Court or Marshal Service. His financial status would not foreclose that assistance, it would have been freely given upon request. *See Wade*, 2003 U.S. Dist. LEXIS 17951, at \*5. Plaintiff has failed to show good cause for his failure to timely serve IMTT. *See id*. at \*6.

Having found that good cause does not exist, the court may, in its discretion, decide whether to extend time for service or

dismiss the case without prejudice. *See Teveras*, 2018 U.S. Dist. LEXIS 117890, at *3.

The relevant rules for this Court and pertinent case law in this Circuit allow for discretion to "dismiss without prejudice" or dismiss with prejudice when a dismissal without prejudice would be futile. Circuit precedent recognizes that a dismissal without prejudice leaves the parties in the same legal position as if no suit had been filed and such a dismissal will result in an action being time barred if the applicable statute of limitations has run after the filing of the complaint. *See Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995).

Plaintiff argues that dismissal without prejudice would not be futile here because the filing of his complaint interrupted the prescription period, leaving him with two days as additional time to re-file his complaint. *See* Rec. Doc. 15 at 2-3. He contends the best interest of judicial time and cost should not cause dismissal with prejudice. *See id*. at 3. IMTT contends that dismissal without prejudice would be futile because plaintiff's 90-day deadline to file suit on his claims has passed; plaintiff's failure to timely serve IMTT makes his claims expire as if they were never filed; and plaintiff has exhibited a clear record of delay. *See* Rec. Doc. 10-1 at 4-5; *see also* Rec. Doc. 20 at 3-4.

While inexcusable neglect to timely effect service has been shown, IMTT offers no facts to support its assertion that plaintiff has exhibited a clear record of <u>intentional</u> delay.

In *Hawkins*, 46 F.3d at 13, the Circuit affirmed the district court's dismissal of plaintiff's second complaint because plaintiff's first complaint was dismissed for insufficient service, annulling the suspension of a prescription period established by Louisiana law. An equitable exception to the limitations period has been developed that may allow a plaintiff to maintain an action that would otherwise be barred by the statute of limitations. As stated in *Burrell v. Crown Cent. Petroleum, Inc.*, 255 F. Supp. 2d 591, 604 (E.D. Tex. 2003), the equitable exception arises when the unlawful employment practice manifests itself over time, instead of as a single discriminatory act or a series of discrete acts. *See Waltman v. Int'l Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989). This exception is known as the "continuing violation doctrine." Notably, the Fifth Circuit has recognized that the application of this doctrine can be "inconsistent and confusing." *See Berry v. Bd. of Supervisors of L.S.U., 715 F.2d 971, 979 n. 11 (5th Cir.1983);* see also *Salinas v. Kroger Texas, L.P.*, 163 F. Supp. 3d 419, 432 (S.D. Tex. 2016) and cases cited therein (In assessing whether legal rights were timely exercised, it is the jury's role to determine when a reasonable person in plaintiff's position should have realized that alleged misdeeds

were actionable discrimination). Without prejudice for additional review in any future action, the present record appears to show an arguable yet barely plausible claim for a continuing violation. Further, an equitable result should allow dismissal without prejudice as requested and minimally shown warranted by plaintiff.

New Orleans, Louisiana this 27th day of September 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE